**ORIGINAL**

# In the United States Court of Federal Claims
No. 17-1909C
(Filed: August 20, 2018)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| HARRY R. RAPP, | * |
| Plaintiff, | * |
| v. | * |
| THE UNITED STATES, | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**FILED**
AUG 20 2018
U.S. COURT OF
FEDERAL CLAIMS

---

### ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. Because Plaintiff has not alleged any conduct by the United States, and all of Plaintiff's claims sound in tort, this Court lacks jurisdiction over Plaintiff's claims. As such, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Harry R. Rapp, a resident of Wisconsin, alleges that on December 15, 2014, he was the victim of medical malpractice and negligence while being treated at the Emergency Department of St. Agnes Hospital. Plaintiff states that in January of 2014, he received the shingles vaccine, and later contracted shingles on November 18, 2014. On November 29, 2014, Plaintiff went to the emergency room to seek treatment for the pain caused by his shingles, but his symptoms did not improve, and he returned for further treatment on December 15. Plaintiff alleges that the doctor who treated him on December 15 was verbally abusive, did not actually provide any medical treatment, and falsified Plaintiff's discharge papers. Plaintiff claims that due to the negligence and medical malpractice of the emergency room doctor, he has suffered loss of consortium and emotional distress. Plaintiff requests an unspecified amount of damages for "pain/suffering/additional treatment."

---

[1] This background is derived from Plaintiff's complaint and its attachments.

7012 3460 0001 7791 8002

**Discussion**

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will construe the complaint in a manner most favorable to Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act provides that this Court:

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2012).

In his complaint, Plaintiff does not allege any conduct by the United States, but rather claims that the negligence and medical malpractice of the emergency room doctor were the cause of his injuries. This Court lacks jurisdiction over Plaintiff's claims, as the only proper defendant in this Court is the United States, and Plaintiff's claims sound in tort. United States v. Sherwood, 312 U.S. 584, 588 (1941); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008); Berdick v. United States, 612 F.2d 533, 536 (Ct. Cl. 1979).

**Conclusion**

Defendant's motion to dismiss is **GRANTED**. The Clerk is directed to dismiss this action.

*[signature]*
MARY ELLEN COSTER WILLIAMS
**Senior Judge**